Rose, J.,
with whom Shearing, J., joins,
dissenting:
This case involves protracted litigation between the parties in the courts of Texas and Nevada. The divorce decree was entered in Texas, and it gave custody of the parties’ two minor children to Mrs. Garrett with substantial visitation rights granted to Mr. Garrett. Mr. Garrett was ordered to pay $700.00 per month for both children, but was permitted to deduct his travel expenses incurred in visiting the children.
The Nevada courts became involved before the Texas court issued the final divorce decree when Mrs. Garrett moved to Nevada and filed a motion to preclude Mr. Garrett’s visitation with one of the children. This began a series of allegations and hearings in Nevada. The present district court judge assumed this *975 case in its latter stages when a motion for reconsideration had been filed concerning an order adopting a referee’s recommendations. At the rehearing, a recent mediation report and all other issues asserted by the parties were considered.
One of those issues was Mrs. Garrett’s claim that Mr. Garrett was years behind in his child support payments. Mr. Garrett acknowledged that he had made very few child support payments over the years, but stated that this was because his travel expenses to visit the children each month had been greater than the $700.00 monthly child support payment. Since the Texas decree permitted him to offset his child support with his monthly travel expenses, he argued that he owed no child support payments.
Mr. Garrett indicated that he presently lived in California where he made $65,000.00 a year and that the cost of each thirty-two hour visitation with the children was $390.00. The district court judge wanted to make certain that the child support payments were not erased by the visitation expenses and determined that a $300.00 allowance could be deducted from the $1,000.00 statutory payments, for a $700.00 net child support payment each month. In doing this, the district court judge stated:
You should be paying a thousand a month based on your income. I’m giving you a credit of $300 a month in travel so that you don’t have to pay it. So you don’t have to pay both. You make $65,000 a year, is that true? $65,000 a year for two children is $500 a month. That’s a thousand dollars, you’re only paying seven hundred. You live in Irvine. I think that you can arrange for some kind of travel once a month or twice — you come here on business you don’t have to pay for that, it’s probably deducted from your business and that’s what every other court has ordered and I think you can do it for less. I really do think you can do the travel for less.
I dissent because the district court and the majority opinion have misconstrued NRS 125B.080, and that interpretation will prevent adequate support being paid in many cases similar to this.
The first, and I believe, controlling direction we receive from NRS 125B.070 is that a noncustodial parent shall pay a percentage of his or her gross salary for support of his or her child or children. In Mr. Garrett’s case, the statute directs that a noncustodial parent with two children should pay twenty-five percent of his or her gross monthly salary for support, or $1,354.16 for Mr. Garrett. The statute then goes on to say that the percentage of gross monthly income indicated should not be more than $500.00 per month per child unless specifically determined otherwise by the court.
The question presented in this case is whether apparently *976 legitimate visitation expenses incurred by the noncustodial parent should be first deducted from the figure derived by calculating a percentage of the monthly gross income, in this case $1,354.16, or from the stated $500.00 maximum per month per child. Put another way, do we deduct the legitimate visitation expenses before or after applying the maximum cap of $500.00 per month per child?
I submit the legitimate monthly visitation expenses of the noncustodial parent should first be deducted from the support figure arrived at by computing a percentage of gross monthly income and then the maximum of $500.00 per month per child limitation should be applied. In addition to how I believe the statute should be interpreted, such interpretation comports with the general philosophy of NRS 125B.070, which is to make sure adequate monthly support is paid to our children. With the majority interpretation, custodial parents stand to lose thousands of dollars each year because legitimate visitation expenses of the noncustodial parent will be deducted from the maximum amount of $500.00 per month per child, rather than from a larger monthly support amount arrived at by calculating a percentage of gross monthly income.
It is equally clear from the record that the district court judge did not hear sufficient evidence or make the appropriate findings as required by NRS 125B.080 to deviate from the required child support payments. While the judge made a meaningful attempt to do rough justice under the circumstances, NRS 125B.080(9) contemplates substantially more than was done by the judge in this case. No specific findings were made to deviate from the statute, and I find no unusual circumstances to justify a reduction in the statutorily mandated child support payments required from a man making $65,000.00 a year. And, as previously explained, any reduction from the required monthly payments should have first been deducted from twenty-five percent of Mr. Garrett’s gross monthly salary before applying the statutory maximum of $500.00 per month per child.